# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 99-60735
## Summary Calendar
_____

**CENTRY LENOIR,**

                                        **Plaintiff-Appellant,**

**versus**

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

                                        **Defendant-Appellee.**

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:98-CV-111-LN
--------------------
September 14, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges

PER CURIAM:[*]

Centry Lenoir, appeals the district court's judgment affirming the Commissioner's denial of his applications for disability insurance benefits and Supplemental Security Income. This court's review of the Commissioner's decision is limited to determining whether the Commissioner used proper legal standards to evaluate the evidence and whether the decision is supported by substantial evidence. *See* <u>Newton v. Apfel</u>, 209 F.3d 448, 452 (5th Cir. 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lenoir contends that the ALJ erred in assessing his residual functional capacity because the ALJ failed to evaluate his complaints of pain according to the factors set forth in Social Security Ruling (SSR) 96-7p. Lenoir also challenges, as unsupported by substantial evidence, the ALJ's finding that his complaints of pain were not credible. A review of the record indicates that the ALJ adequately addressed the factors set forth in SSR 96-7p. The ALJ's decision included express findings about the credibility of Lenoir's complaints of pain and gave specific reasons for the credibility finding based on the case record, including Lenoir's medical records and Lenoir's own statements. The ALJ's findings were sufficiently specific to make clear the ALJ's reasons for his credibility conclusion. A review of the record also indicates that there is substantial evidence to support the ALJ's determination that Lenoir's complaints of pain and its impact on his ability to work were not fully credible.

Lenoir challenges as unsupported by substantial evidence, the ALJ's finding that jobs exist in the national economy which he is able to perform. He contends that the ALJ was not entitled to rely on the testimony of the vocational expert in making that determination because the ALJ did not include all of his disabling conditions in the hypothetical question that was presented to the vocational expert. Lenoir also argues that the vocational expert failed to identify adequately jobs that he could perform that were available in the national economy.

Contrary to Lenoir's assertions, the ALJ included all of Lenoir's disabling conditions in the hypothetical question that he

presented to the vocational expert. Also contrary to Lenoir's assertions, the vocational expert specifically identified a number of jobs that Lenoir could perform and indicated that those jobs existed in significant numbers in both the national economy and in Mississippi. The ALJ was entitled to rely on that testimony to determine that jobs existed in the national economy that Lenoir was able to perform. The ALJ's determination was supported by substantial evidence.

Finally, Lenoir argues that the district court erred in denying his motion to remand the case to the Commissioner for the consideration of new evidence which he contends would have changed the Commissioner's decision. Lenoir sought to have considered medical records from examinations which took place on October 13, 1998, and on November 30, 1998. The evidence, which is largely cumulative, shows at best a deterioration of a previously non-disabling condition. There is no reasonable probability that the new evidence would have affected the ALJ's determination that Lenoir was not disabled at the time of the original hearing. Moreover, the evidence does not relate to the time period for which Lenoir's benefits were denied. *See* Haywood v. Sullivan, 888 F.2d 1463, 1471 (5th Cir. 1989); Pierre v. Sullivan, 884 F.2d 799, 803 (5th Cir. 1989). Remand can not be based on new evidence of a subsequent deterioration of what was previously correctly held to be a non-disability condition. *See* Haywood, 888 F.2d at 1471. The district court did not err in determining that Lenoir's new evidence did not warrant remand.

**AFFIRMED.**